IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY TRECHAK | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 10-0227 |
| SETON COMPANY SUPPLEMENTAL | : | |
| EXECUTIVE RETIREMENT PLAN, et al., | : | |
| Defendants. | : | |

MEMORANDUM RE: MOTION TO DISMISS AMENDED COMPLAINT

Baylson, J.                                                                                                                           November 24, 2010

## I.    Introduction

Plaintiff Perry Trechak, a former employee of the Seton Company, brings this action for payment of employee benefits pursuant to Sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and applicable supplemental state law. Plaintiff names as Defendants Seton Company Supplemental Executive Retirement Plan ("the SERP"), the SERP Plan Administrator, Seton Company Supplemental Plan to Provide Pre-TRA 86 Benefits ("the FAS 87 Supp"), the FAS 87 Supp Plan Administrator, the Middle Management 1986 Supplemental Retirement Plan ("the MMSR 86"), the MMSR 86 Plan Administrator, the Middle Management 1994 Supplemental Retirement Plan ("the MMSR 94"), the MMSR 94 Plan Administrator, the Seton Company Deferred Compensation Plan ("the DCP"), the DCP Plan Administrator,[1] the Seton Company ("Seton"),

---

[1] The SERP, the FAS 87 Supp, the MMSR 86, the MMSR 94 and the DCP are collectively referred to as "the Plans." The administrators for the Plans are collectively referred to as "the Plan Administrators."

1

Seton Chairman, Chief Executive Officer ("CEO"), and substantial shareholder Philip Kaltenbacher, and Seton President Hermann Kampling (collectively, "Defendants").

Plaintiff alleges the following four Counts: (1) wrongful denial of benefits by the Plans and the Plan Administrators pursuant to ERISA Section 501(a)(1)(B); (2) breach of contract by Seton; (3) interference with payment of benefits by Seton, Kaltenbacher, and Kampling pursuant to ERISA Section 510; and (4) unjust enrichment by Seton and Kaltenbacher.[2]

Presently before the Court is Defendants' Motion to Dismiss Counts Two, Three, and Four of the Complaint; to dismiss Defendants Kaltenbacher and Kampling; and to dismiss claims for damages for future benefits not yet due.[3]

For the reasons that follow, Defendants' motion will be granted in part and denied in part.

## II. Factual and Procedural Background

Plaintiff alleges the following facts in his Complaint. Plaintiff was an employee of Seton

---

[2] Plaintiff has narrowed his claims as discussed at oral argument and in the supplemental briefing.

[3] Defendants also moved to dismiss Count One as to the DCP and the DCP Plan Administrator, on the grounds that one of the purported governing documents, the Deferred Compensation Plan effective January 1, 2002 ("the January 1, 2002 Agreement"), contained a mandatory arbitration clause. Compl. Ex. E at 8-19 ¶ 22.1. Following oral argument, the parties conferred and agreed in their supplemental briefs that Plaintiff was not bringing a claim under the January 1, 2002 Agreement. Defs.' Supp. Br. 2; Pl.'s Supp. Br. 2. The parties further agreed that the documents governing the DCP are (1) the Deferred Compensation Agreement effective January 1, 1997 (Defs.' Supp. Br. Ex. B), (2) the Deferred Compensation Agreement effective January 1, 2004 (Compl. Ex. E at 1-3), and (3) the Deferred Compensation Agreement effective June 1, 2004 (Compl. Ex. E at 4-7). Defs.' Supp. Br. 2; Pl.'s Supp. Br. 2. Because these governing agreements do not provide for arbitration, Defendants have withdrawn the portions of their Motion to Dismiss requesting (a) the dismissal of the DCP to arbitration, (b) the dismissal of the DCP Plan Administrator to arbitration and (c) a stay of the remainder of the case. Defs.' Supp. Br. 2.

from October 1, 1974 until December 1, 2004. Compl. ¶¶ 9, 11. Following a brief retirement, Plaintiff was reinstated as an employee from April 1, 2005 until February 28, 2009, when he became a consultant. Compl. ¶ 11. As a Seton employee, Plaintiff was entitled to participate in the employee benefit plans named in this action and to receive benefit payments upon retirement. Compl. ¶ 10. Each of the Plans at issue is a "top hat" employee benefit plan subject to ERISA.[4] Compl. ¶ 3.

Plaintiff began receiving monthly benefit payments under the FAS 87 SUPP, the MMSR 86, and the MMSR 94 in December 2004, under the SERP in January 2005, and under the DCP in January 2008. Compl. ¶¶ 12-14. Plaintiff and Seton agreed to reduce by 50% Plaintiff's monthly benefit payments during 2009 under the SERP and DCP, and to increase future payments beginning in 2010. Compl. ¶¶ 15-16. In a letter dated April 29, 2009, Kampling informed Plaintiff that Seton was delaying all deferred compensation payments to Plaintiff "until further notice" due to "difficult business conditions." Compl. ¶ 17. Plaintiff unsuccessfully sought to meet with Kaltenbacher to discuss his benefits. Compl. ¶ 18. Kampling again advised Plaintiff of the delay in benefit payments in a letter dated August 14, 2009. Compl. ¶ 19.

On August 28, 2009, Plaintiff filed an Initial Benefit Claim with the Plan Administrators and requested copies of the Plans. Compl. ¶¶ 20-21. Plaintiff received from Seton's General Counsel and Secretary a letter dated September 28, 2009 enclosing the plan documents that

---

[4] A "top hat" plan is a "'plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly trained employees.'" Goldstein v. Johnson & Johnson, 251 F.3d 433, 435 (3d Cir. 2001) (quoting Miller v. Eichleay Eng'rs, Inc., 886 F.2d 30, 34 n.8 (3d Cir. 1989)). The Third Circuit treats top hat plans differently than other types of employee benefit plans because of their unique features. Id. at 436.

Plaintiff attached to his Complaint.  Compl. ¶ 22; Exs. A-E.  Plaintiff did not receive a timely response to his Initial Benefit Claim and filed this Complaint.  Compl. ¶ 23.

On May 3, 2010, the Defendants filed the Motion to Dismiss and Stay.  (Doc. 12).  On May 17, 2010, Plaintiff filed a Response Brief in Opposition.  (Doc. 14).  On May 21, 2010, the Defendants filed a reply.  (Doc. 15).  On November 9, 2010, Plaintiff filed a sur-reply with leave of the Court.  (Doc. 23).

The Court held oral argument on October 1, 2010, which focused primarily on identifying the governing Plan documents and clarifying the arguments related to arbitration.  In response to the Court's order, the Defendants filed a Supplemental Brief on October 15, 2010, in which they withdrew the portion of their motion seeking arbitration and a stay.  (Doc. 19).  On October 21, 2010, Plaintiff filed his Supplemental Brief.  (Doc. 20).

### III.  The Parties' Contentions

Defendants contend that ERISA preempts Plaintiff's claims for breach of contract and unjust enrichment, which are grounded in state law.  Defs.' Mot. to Dismiss 5-7, 15-16.  Additionally, Defendants argue that Plaintiff did not adequately plead all elements required for his claims of unjust enrichment and interference with benefits.  Id. at 8, 10.  Defendants contend that because the claims pled against Kaltenbacher and Kampling are inadequate, they should be dismissed from the suit.  Id. at 18-19.  Lastly, Defendants argue that Plaintiff's claims for lump sum payments, including benefits not yet due under the Plans, should be dismissed as an improper remedy under ERISA.  Id. at 16-18.

Plaintiff contends that he properly pled his claims, including state law claims pled in the

alternative. Pl.'s Resp. 2, 10. Plaintiff further argues that his claim for unjust enrichment may properly be characterized as a claim for equitable relief under 29 U.S.C. § 1132(a)(3), rather than a state law claim. Id. at 12-15. Finally, Plaintiff contends that the motion to strike his prayer for relief is premature. Id. at 17.

## IV. Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The requirement that the court accept as true all factual allegations contained in the complaint does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Twombly, 550 U.S. at 555 n.3)) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the

requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

## V.     Discussion

### A.     Count Two: Breach of Contractual Duties

The federal framework for ERISA preempts state law claims to recover benefits allegedly due. 29 U.S.C. § 1144(a) (2004) ("Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ."). The purpose of the preemption provision is to "avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 657 (1995). The Third Circuit has rejected the "conten[tion] that state law and ERISA co-exist for purposes of enforcement of the plan." Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) (affirming the district court's dismissal of state law claims for breach of contract and intentional infliction of emotional distress that were related to an ERISA plan and preempted).

In Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983), the Supreme Court interpreted the ERISA preemption provision broadly to include any state law that "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Id. at 96-97. For example, in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the Court

held that tort and breach of contract claims, which were common law causes of action "based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a)." Id. at 48. Likewise, in Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990), the Supreme Court held that state common law contract and tort claims, premised on the existence of an ERISA plan, were preempted. Id. at 141. The Court explained that "the existence of a pension plan is a critical factor in establishing liability" on the state law claim, which "relates not merely to pension benefits, but to the essence of the pension plan itself." Id. at 139-40 (reversing the judgment entered by the Texas Supreme Court in favor of the plaintiff on the state law claim).

Here, Plaintiff alleges and Defendants do not dispute that the employee benefit plans at issue are "top hat" plans subject to ERISA. Compl. ¶ 3; Defs.' Mot. to Dismiss 1. Indeed, Plaintiff states that if the Plans are covered "top hat" plans, "then Plaintiff must concede that state law claims of the [sic] Breach of Contract and Unjust Enrichment against the Plans and Administrators would be preempted." Pl.'s Resp. 11. Plaintiff's claim that Seton failed to exercise its contractual duty under the Plans is premised on the existence of the underlying ERISA Plans. Therefore, Count Two is preempted and will be dismissed with prejudice.

### B. Count Three: Interference with Benefit Rights

Defendants also moved to dismiss Plaintiff's claim for interference with benefit rights, pursuant to Section 510. Section 510 of ERISA states:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . for the purpose of interfering with the attainment of any right to which such participant

> may become entitled under the plan . . . The provisions of section 1132 of this
> title shall be applicable in the enforcement of this section.

29 U.S.C. § 1140. A plaintiff must make a three-pronged showing to establish a prima facie case under section 510: "1. prohibited employer conduct; 2. taken for the purpose of interfering; 3. with the attainment of any right to which the employee may become entitled." Dewitt v. Penn-Del Directory Corp., 106 F.3d 514, 522 (3d Cir. 1997) (quoting Gavalik v. Cont'l Can Co., 812 F.2d 834, 852 (3d Cir. 1987)).

Congress intended for Section 510 to protect beneficiaries from dismissal and adverse employment actions such as "termination motivated by an employer's desire to prevent a pension from vesting." Ingersoll-Rand, 498 U.S. at 143. The Third Circuit interpreted "discriminate against," the broadest term in Section 510, as being "limited to actions affecting the employer-employee relationship." Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan, 24 F.3d 1491, 1503 (3d Cir. 1994) (holding that amending the defined benefit plan to eliminate life insurance benefits for beneficiaries over a certain age, which affected only the plaintiff, did not constitute "discrimination" in the employer-employee relationship).

In this case, Plaintiff does not allege that he was discharged, fined, suspended, expelled, or disciplined by his employer. Furthermore, Plaintiff has not pled facts that show unlawful discrimination within the employer-employee relationship, such as demotion or termination. Plaintiff's allegations that Defendants decided to suspend payments owed him, improperly influenced the Plan Administrators, and sent him an unauthorized notice terminating his benefits all pertain to actions outside of the employer-employee relationship for purposes of Section 510. Accordingly, Count Three will be dismissed with leave to amend.

### C. Count Four: Unjust Enrichment

Plaintiff has conceded that his unjust enrichment claim is preempted to the extent it is grounded in state law, as discussed above in Section V. A. Pl.'s Resp. 11. However, Plaintiff contends that the claim survives as a claim for equitable relief under ERISA. Pl.'s Resp. 12. Plaintiff clarified in his Response brief that Count Four was pled in the alternative as an ERISA claim for equitable relief pursuant to 29 U.S.C. § 1132(a)(3)(B) ("Section 502(a)(3)"). Pl.'s Resp. 15. In Nagy v. De Wese, 705 F. Supp. 2d 456 (E.D. Pa. 2010) (Yohn, J.), the plaintiff, whose benefit payments pursuant to an ERISA plan had ceased, clarified in his response to the defendant's motion for judgment on the pleadings that his unjust enrichment claim was "more properly characterized as a demand for equitable relief" under Section 502(a)(3). Id. at 461. Judge Yohn held that the unjust enrichment claim, as pled in the alternative as a claim for equitable relief, was not preempted. Id.

Here, as in Nagy, Plaintiff has clarified that his unjust enrichment claim was pled in the alternative as a claim for equitable relief pursuant to Section 502(a)(3). Reading the Complaint in the light most favorable to Plaintiff, the Court finds that the claim is grounded in ERISA rather than state law and there is no preemption issue.

However, the Court must determine whether Plaintiff can plead a Section 502(a)(3) claim simultaneously with his claim in Count One for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B) ("Section 502(a)(1)(B)"). In Varity Corp. v. Howe, 516 U.S. 489 (1996), the Supreme Court interpreted Section 502(a)(3) as a "catchall" provision that "offer[s] appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately

remedy." Id. at 512. The Supreme Court held that the Varity plaintiffs, who could not pursue relief under Section 502(a)(1)(B) for benefits due because they were deceived into withdrawing from their ERISA plan, were entitled to rely on Section 502(a)(3) in pursuing other "'appropriate' equitable relief" such as reinstatement. Id. at 515. The Supreme Court distinguished the facts in Varity from cases "where Congress elsewhere provided adequate relief for a beneficiary's injury" and equitable relief was inappropriate. Id.

The Courts of Appeals disagree as to whether Varity prohibits a plaintiff from simultaneously pursuing equitable relief pursuant to Section 502(a)(3) and benefits due under the terms of the plan pursuant to Section 502(a)(1)(B).[5] The Third Circuit has not ruled on the issue, and district judges within the Third Circuit are split. For example, in Parente v. Bell Atlantic Pennsylvania, No. Civ. A. 99-5478, 2000 WL 419981 (E.D. Pa. Apr. 18, 2000), Judge Reed held

---

[5]     For example, the Eleventh Circuit has held that under Varity, "an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B), cannot alternatively plead and proceed under § 1132(a)(3)." Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1088 (11th Cir. 1999) (affirming the district court's dismissal of the plaintiff's equitable claims because plaintiff had an available adequate remedy under the law, even though plaintiff did not prevail on the merits of the Section 502(a)(1)(B) claim). The Fifth Circuit has similarly held that "it would be inappropriate for the Court to fashion any further equitable relief" where an ERISA plaintiff had the right to sue for recovery of benefits pursuant to the plan. Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998) (affirming the district court's holding that plaintiff was precluded from bringing a claim for equitable relief). By contrast, the Second Circuit held that Varity did not preclude a plaintiff from bringing claims under both sections simultaneously. Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001). Cf. Frommert v. Conkright, 433 F.3d 254, 270 (2d Cir. 2006) (holding that an ERISA plaintiff is not permitted to seek equitable relief where the "gravamen" of the action is a claim for money damages). The Ninth Circuit considers whether the plaintiff has, in actuality, been afforded a remedy under another provision. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1475 (9th Cir. 1997) (affirming the district court's grant of summary judgment for the defendants on the 1132(a)(3) claim where plaintiffs had already won a judgment for damages pursuant to 1132(a)(1)).

that "under Varity, a plaintiff is only precluded from seeking equitable relief under § 1132(a)(3) when a court determines that plaintiff <u>will certainly receive</u> or <u>actually receives</u> adequate relief for her injuries under § 1132(a)(1)(B) or some other ERISA section." <u>Id.</u> at *3. Judge Reed found that Fed. R. Civ. P. 8(e) specifically contemplated pleading in the alternative. <u>Id.</u> Therefore, Judge Reed reserved judgment on "the question of whether (and what kind of) equitable relief under § 1132(a)(3) is appropriate" until later in the litigation, when it could be determined "whether § 1132(a)(B)(1) will <u>in fact</u> provide the plaintiff adequate relief." <u>Id.</u> (denying the motion to dismiss). See also <u>Tannenbaum v. UNUM Life Ins. Co. of Am.</u>, No. Civ. A. 03-CV-1410, 2004 WL 1084658, at *4 (E.D. Pa. Feb. 27, 2004) (Surrick, J.) (denying the motion to dismiss a claim for breach of fiduciary duty based on Section 502(a)(3) because "[a]t this stage, we cannot know whether Plaintiff will be able to prove his entitlement to benefits under § 1132(a)(1)(B)"). If the plaintiff proceeds on both claims in the alternative, the defendant may properly reassert the argument that the plaintiff cannot recover under both ERISA sections at the summary judgment stage. <u>Koert v. GE Grp. Life Assur. Co.</u>, No. Civ. A. 04-CIV-5745, 2005 WL 1655888, at *3 (E.D. Pa. July 14, 2005) (Stengel, J.) (denying motion to dismiss and allowing plaintiff to proceed on claims for wrongful denial of benefits and breach of fiduciary duty simultaneously).

In contrast to the <u>Parente</u> line of cases, in <u>Cohen v. Prudential Ins. Co.</u>, Civ. A. No. 08-5319, 2009 WL 2488911 (E.D. Pa. Aug. 12, 2009), <u>reconsideration denied by</u> 2010 WL 1257659 (E.D. Pa. Mar. 25, 2010), Judge Pollak held that under <u>Varity</u> it could "only permit the § (a)(3) claim to progress if the plaintiff can demonstrate that § (a)(1) (B) alone may not provide an adequate remedy." <u>Id.</u> at *4. Because the plaintiffs failed to demonstrate in their complaint or their response to the motion to dismiss why they did not have an adequate remedy under Section

502(a)(1)(B), or why a sought-after remedy was only available under Section 502(a)(3), their claim for equitable relief was dismissed. Id. See also Miller v. Mellon Long Term Disability Plan, Civ. A. No. 09-1166, 2010 WL 2595568, at *6 (W.D. Pa. June 25, 2010) (Lenihan, Mag. J.) (dismissing plaintiffs' claim for equitable relief under Section 502(a)(3) because it was essentially duplicative of the claim for money damages under Section 502(a)(1)(B)).

In the absence of guidance from the Third Circuit on whether Varity permits a plaintiff to simultaneously plead claims under Sections 502(a)(1)(B) and 502(a)(3), the Court will follow the Parente line of cases and allow Plaintiff to plead his claims in the alternative. At this early stage in the litigation, in accordance with Fed. R. Civ. P. 8(e), Plaintiff is entitled to seek the full range of recovery permitted by ERISA's remedial framework  Under Varity, the Court has the power to issue appropriate equitable relief. Plaintiff should not be precluded from pursuing an equitable remedy unless and until it is determined that Plaintiff is in fact entitled to monetary relief. Accordingly, reading Count Four in the alternative as a claim for equitable relief pursuant to Section 502(a)(3), Defendants' Motion to Dismiss Count Four is denied. In the Amended Complaint, Plaintiff should retitle and amend Count Four as an ERISA claim of equity.

### D.     Claims Against Defendants Kaltenbacher and Kampling

Plaintiff names Kaltenbacher only in Counts Three and Four, and names Kampling only in Count Three. Count Three is dismissed with leave to amend, and thus there are no remaining claims against Kampling.

Count Four, read as a claim for equitable relief under Section 502(a)(3), may be pled against an individual defendant. In Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530

U.S. 238 (2000), the Supreme Court explained that "502(a)(3) admits of no limit . . . on the universe of possible defendants." Id. at 247. Individual liability "may arise from duties imposed by § 502(a)(3) itself, and hence does not turn on whether the defendant is expressly subject to a duty under one of ERISA's substantive provisions." Id. at 247 (holding that a nonfiduciary party in interest could be liable for equitable relief under Section 502(a)(3)). The primary limitation on liability is whether the plaintiff states a claim for equitable relief rather than legal relief. In Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court held that a claim for restitution is only equitable in nature if the plaintiff demonstrates that the defendant "hold[s] particular funds that, in good conscience, belong to [the plaintiff]" and could be returned to the plaintiff via restitution or disgorgement, whereas a claim that the plaintiff is "contractually entitled to some funds for benefits" does not suffice. Id. at 214-16. See also Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 214 (3d Cir. 2004) (quoting Great-West, 534 U.S. at 213) (the "plaintiff must identify money or property that is 'clearly . . . trace[able] to particular funds or property in the defendant's possession'").

Here, Plaintiff has not identified any money or property in Kaltenbacher's possession for purposes of pleading a claim of equitable restitution or other appropriate equitable relief against him. The Court will dismiss the claims against Kampling and Kaltenbacher with leave to amend, assuming Plaintiff can state adequate facts leading to personal liability.

### E. Claims for Benefits Not Yet Due

Defendants have also moved to dismiss Plaintiff's claims for lump sum damages for benefits not yet due. Plaintiff, in his Supplemental Brief, "concedes that Section 502(a)(1)(B) does

not permit a lump-sum award of future anticipated damages." Pl. Supp. Br. 3. Plaintiff asserts that he "seeks, at the most basic level, past compensation owed and an order/declaration of future benefits/rights," and that these "forms of relief are absolutely permitted by ERISA." Id. Plaintiff is entitled to seek such equitable relief, which falls within the "'panoply of remedial devices' for participants and beneficiaries of benefit plans" under ERISA. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 108 (1989) (quoting Mass. Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985)). Therefore, Defendants' Motion to Dismiss claims for benefits not yet due is denied as moot.

## VI. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is granted in part and denied in part. Plaintiff may proceed on Count One: Claim for Benefits Wrongfully Denied. Count Two: Breach of Contractual Duties is dismissed with prejudice and without leave to amend. Count Three: Interference with Benefit Rights is dismissed with leave to amend. Count Four: Unjust Enrichment may proceed in the alternative as a claim for equitable relief, and should be retitled and amended consistent with this opinion. The claims against Kaltenbacher and Kampling are dismissed with leave to amend. The Motion to Dismiss claims for benefits not yet due is denied as moot. An appropriate order follows.

O:\CIVIL 09-10\10-0227 Trechak v. Seton\Trechak MTD.wpd